# EXHIBIT
# "A"

| | |
|---|---|
| **BY:  ADAM S. GETSON, ESQUIRE**<br>**IDENTIFICATION NO. 91156**<br>agetson@wapnernewman.com<br>**BY:  SIMON T. HAILEAB, ESQUIRE**<br>shaileab@wapnernewman.com<br>**IDENTIFICATION NO. 317772**<br>**WAPNER NEWMAN**<br>1628 JFK Blvd., Suite 800<br>Philadelphia, PA  19103-4433<br>(215) 569-0900 | THIS IS A MAJOR CASE<br>JURY TRIAL DEMANDED<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>*Attested by the Office Of Judicial Records 27 SEP 2022 07:56 pm W. RICE*<br><br>**W WAPNER** NEWMAN<br>ATTORNEYS<br><br>*ATTORNEYS FOR PLAINTIFF* |

| | | |
|---|---|---|
| **BROOKE MARROW**<br>6362 Tulip Street<br>Philadelphia, PA 19135<br><br>      *Plaintiff*<br><br>*VS.*<br><br>**ROADRUNNER   EQUIPMENT   LEASING,**<br>**LLC**<br>4900 S Pennsylvania Avenue<br>Cudahy, Wisconsin 53110<br>    *AND*<br>**XTRA LEASE LLC**<br>1801 Park 270 Dr<br>Ste 400<br>Saint Louis, MO 63146-4027<br>    *AND*<br>**DARREN D. STOFER**<br>502 Saint Ives Crossing<br>Apt 502<br>Stockbridge, GA 30281-7293<br>    *AND*<br>**JOHN DOE**<br><br>      *Defendants* | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br><br>SEPTEMBER TERM, 2022<br><br><br>NO. |

## CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrito sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION**<br>**LAWYER REFERRAL AND INFORMATION SERVICE**<br>**ONE READING CENTER**<br>**PHILADELPHIA, PA 19107**<br>**TELEPHONE: (215) 238-6333** | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**ONE READING CENTER**<br>**FILADELFIA, PA 19107**<br>**TELÉFONO: (215) 238-6333** |

## COUNT I
## (FACTS COMMON TO ALL COUNTS)

### PARTIES

1.      At all times material hereto, plaintiff, BROOKE MARROW, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2.      At all times material hereto, defendant, ROADRUNNER EQUIPMENT LEASING, LLC, is a business, entity, company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing organized, licensed, and/or qualified under the laws of the State of Wisconsin and/or Indiana with its principal place of business at the above captioned address which nevertheless at all relevant times solicited business, traded and did business in the Commonwealth of Pennsylvania.

3.      At all times material hereto, defendant, XTRA LEASE LLC, is a business, entity, company, partnership, franchise, fictitious name, proprietorship and/or corporation, existing organized, licensed, and/or qualified under the laws of the State of Missouri with its principal place of business at the above captioned address which nevertheless at all relevant times solicited business, traded and did business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, defendant, DARREN D. STOFER, is a citizen and resident of the State of Georgia, residing therein at the above-captioned address.

5.      Defendant, JOHN DOE, are various fictitious and currently unidentified Individuals, Estates, Admintrators/Adminstratrix, Professional Associations, Partnerships, Institutions, Corporations and/or Companies, whose name and information is unknown to plaintiff despite the use of due diligence.  As this/these defendant(s) are identified, plaintiff shall seasonably amend this Civil Action.

2

6.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, is a common carrier engaged in the business of interstate and/or intrastate commerce.

7.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, has been issued a United States Department of Transportation number (USDOT 00242009).





8.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, was acting by and through their/its respective employees,

---

[1] *True and correct excerpt of Federal Motor Carrier Safety Administration Motor Carrier Details for defendant, Roadrunner Equipment Leasing, LLC. https://safer.fmcsa.dot.gov/query.asp*
[2] *Photograph of the subject commercial tractor-trailer.*

authorized agents, borrowed servants, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel, who were there and then acting in the course and scope of their the scope of their duties and/or functions for which each person was hired to perform in furtherance of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, business under defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, control and/or right of control.

9.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, was/were responsible to determine the competency and qualifications; and/or, the lack of competency and qualifications of their/its respective agents, employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel, while in the course and scope of his/her/their duties and/or functions for which each person was hired to perform in furtherance of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, business.

10.     Defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, at all times mentioned herein, performed regular, systematic and continuous business in Philadelphia, Pennsylvania.

11.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, is a motor carrier engaged in the business of interstate and/or intrastate commerce.

12.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, is a carrier who transports regulated commodities for hire in interstate commerce.

13.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, jointly and/or severally owned, inspected, controlled, tested and/or maintained a tractor and/or trailer combination which was operated, in part, under the motor carrier authority of defendant(s), XTRA LEASE LLC AND/OR JOHN DOE.

14.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, jointly and/or severally owned, inspected, controlled, tested and/or maintained a tractor and/or trailer combination which was operated, in part, under the motor carrier authority of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE.

15.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, has been issued an Operating Authority number by the Federal Motor Carrier Safety Administration.



16.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, was acting by and through their/its respective employees, authorized agents, borrowed servants, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel, who were there and then acting in the course and scope of their the scope of their duties and/or functions for which each person was hired to perform in furtherance of defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, business under defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, control and/or right of control.

17.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, was/were responsible to determine the competency and qualifications; and/or, the lack of competency and qualifications of their/its respective agents, employees, officers, staff, administrators, representatives, workers, contractors, servants, and/or personnel, while in the

---

3 True and correct excerpt of the Commonwealth of Pennsylvania Police Crash Report Incident No.: 2020-15-077919.

Case ID: 220902724

course and scope of his/her/their duties and/or functions for which each person was hired to perform in furtherance of defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, business.

18.     Defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, at all times mentioned herein, performed regular, systematic and continuous business in Philadelphia, Pennsylvania.

19.     Defendant(s), DARREN D. STOFER AND/OR JOHN DOE, at all times mentioned herein, performed regular, systematic and continuous business in Philadelphia, Pennsylvania.

<u>**MOTOR VEHICLE COLLISION**</u>

20.     At all times material hereto, plaintiff, BROOKE MARROW, owned a 2013 Nissan Altima, PA License Plate No.: HTV-5537 (hereinafter "motor vehicle").

21.     On or about September 29, 2020 at or about 10:59 a.m., plaintiff, BROOKE MARROW, was the operator of the aforesaid motor vehicle traveling eastbound on or about Robbins Avenue at or near its intersection with Frankford Avenue in the City and County of Philadelphia, Pennsylvania.

22.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR JOHN DOE, were the joint and/or several owner(s) of a tractor-trailer combination commercial motor vehicle (Tractor License Plate No.: IN-2864858) (Trailer Tag No.: ME 36ATLR2755Z) (hereinafter "commercial motor vehicle").



23.     On or about September 29, 2020 at or about 10:59 a.m., defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was the operator of the aforementioned commercial motor vehicle.

---

[4] *Id.*



24.    On or about September 29, 2020 at or about 10:59 a.m., the aforementioned commercial motor vehicle was owned, operated, maintained, inspected, repaired, tested, managed and/or controlled by defendants ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER, AND/OR JOHN DOE, jointly and/or severally.

25.    At all times material hereto, defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was/were a permissive driver of the commercial motor vehicle owned, operated, maintained, inspected, repaired, tested, managed and/or controlled by defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR JOHN DOE, jointly and/or severally.

26.    At all times material hereto, defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was operating the aforesaid commercial motor vehicle for the benefit of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR JOHN DOE, under the control and/or right of control of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR JOHN DOE.

27.    At all times material hereto, defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was the authorized agent, servant, borrowed servant, workman, officer, staff, administrator, representative, contractor, personnel, and/or employee of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR JOHN DOE, and was operating the aforesaid commercial motor vehicle within the course and scope of his/her agency, servitude, borrowed servitude, work and/or employment, and/or with express, implied and/or apparent

permission, authorization and/or consent, and/or was acting for a common purpose or on a joint venture.

28.     On or about September 29, 2020, at or about 10:59 a.m., defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was the operator occupant of the aforesaid commercial motor vehicle traveling southbound on or about Frankford Avenue at or near Robbins Avenue in the City and County of Philadelphia, Pennsylvania.

29.     On or about September 29, 2020, at or about 10:59 a.m., defendant(s), DARREN D. STOFER AND/OR JOHN DOE, wrongfully, carelessly, and negligently operated the aforesaid commercial motor vehicles so as to cause a collision by striking the aforesaid motor vehicle operated and occupied by plaintiff, BROOKE MARROW, while traveling southbound on or about Frankford Avenue at or near Robbins Avenue in the City and County of Philadelphia, Pennsylvania (hereinafter also referred to as "subject collision").

 

30.     The subject collision aforementioned was caused by the joint and/or several negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC;

---

Case ID: 220902724

DARREN D. STOFER AND/OR JOHN DOE, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

31.    On or about September 29, 2020, at or about 10:59 a.m., defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally did so directly and/or vicariously wrongfully, carelessly and negligently own, operate and/or maintain the aforesaid commercial motor vehicle, so as to cause the subject collision.

32.    As a direct and proximate result of the joint and/or several and/or direct and/or vicarious negligence and/or carelessness of the defendants causing the subject collision, plaintiff, BROOKE MARROW, sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

33.    As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, was caused to sustain serious, painful and permanent personal injuries, requiring the medical care and treatment by doctors and has been and will in the future continue to be hampered in her daily routine.

34.    As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, sustained multiple injuries including, but not limited to: closed fracture of multiple ribs of left side; post-traumatic left shoulder injury;  post-traumatic right shoulder injury; post-traumatic hip pain; head injury; osteitis condensans illi confirmed by MRI; post traumatic head injury; traumatic concussion; post-concussion syndrome; acute bitemporal headaches; speech difficulties; post traumatic memory loss; photosensitivity and dizziness; fatigue; cognitive symptoms; including

9

focus difficulties; memory difficulties;  poor concentration; change in mood and emotional symptoms, including a feeling of increased irritability; post-traumatic cephalgia; chronic pain syndrome;  post traumatic myofasciitis; lumbar disc displacement; traumatic headaches; cervical disc displacement; lumbar radiculopathy; cervical radiculopathy; post-traumatic cervical radiculopathy; post-traumatic cervicalgia; post-traumatic lumbago; post-traumatic lumbar radiculopathy; post-traumatic thoracic pain; post-traumatic spinal injury; post-traumatic cervical spine pain; cervical disc injuries; injury to the nerves surrounding the cervical discs; acute traumatic cervical sprain and strain; post-traumatic injury to thoracic spine; aggravation of a pre-existing condition; aggravation of a dormant pre-existing condition; injury to the nerves surrounding the thoracic discs; acute thoracic sprain and strain; acute low back pain; injury to the lumbar spine; acute back pain; lumbar facet syndrome; lumbar disc injuries; injury to the nerves surrounding the lumbar discs; acute traumatic lumbar sprain and strain; post-traumatic lumbosacral strain; post-traumatic muscle spasm; acute neck pain; injury to neck; as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are permanent in nature.

35.     As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

36.     As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, has become obliged to expend and/or incur large sums of money for medical attention and various

purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

37.     As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, has suffered an injury which is permanent, irreparable and severe.

38.     As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW,  has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

39.     As a direct and proximate result of the joint and/or several negligence of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, causing the subject commercial motor vehicle collision, plaintiff, BROOKE MARROW, was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

40.     As a further result of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, joint and/or several negligence, carelessness, wrongful conduct, inadvertence, laxity, and/or indifference as aforesaid, plaintiff, BROOKE MARROW, has been and will be prevented in the future from performing her usual duties, activities, occupations and vocations and has suffered past, present and future loss of earnings and wages and loss of past, present and future earning capacity.

11

41.     As a direct and proximate result of the carelessness and negligence of defendants, ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC; DARREN D. STOFER AND/OR JOHN DOE, jointly and/or severally as aforesaid, plaintiff, BROOKE MARROW, has incurred associated incidental expenses.

42.     According to Pennsylvania law, plaintiff, BROOKE MARROW, is deemed to have "Full Tort" status in this litigation.

43.     Defendant(s) is/are precluded from raising the limited tort defense.

44.     All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

<u>**COUNT II**</u>
**PLAINTIFF, BROOKE MARROW V. DEFENDANT(S), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE**

45.     Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

46.     The wrongful, careless and negligent conduct of defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, *inter alia*, the following:

    a.    Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to operate a commercial motor vehicle without first ascertaining whether or not he was capable of properly operating said commercial motor vehicle;

    b.    Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to operate a commercial motor vehicle knew, or in the existence of due care and diligence should have known that defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was capable of committing the acts of negligence set forth below;

    c.    Failing to warn those persons, including, but not limited to plaintiff, that defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC

12

AND/OR JOHN DOE, knew, or in the existence of due care and diligence should have known that plaintiff would be exposed to defendant(s), DARREN D. STOFER AND/OR JOHN DOE, wrongful, careless and negligent operation of the aforesaid commercial motor vehicle;

d.  Failing to entrust the operation of said commercial motor vehicle properly;

e.  Failing to entrust the operation of said commercial motor vehicle safely;

f.  Failing to entrust the operation of said commercial motor vehicle reasonably;

g.  Failing to properly maintain and service said commercial motor vehicle;

h.  Failing to routinely maintain and service said commercial motor vehicle;

i.  Failing to safely maintain and service said commercial motor vehicle;

j.  Failing to properly equip said commercial motor vehicle with assistive safety devices;

k.  Failing to implement reasonable safety manuals, internal safety training or other programs to verify that its drivers maintained adequate levels of competency and safe-driving awareness;

l.  Failing to properly train employees/agents/servants/contractors/permissive users on the proper use of said commercial motor vehicle;

m.  Failing to properly train their employees/ agents/ servants/ contractors/ permissive users on the safe use of said commercial motor vehicle;

n.  Failing to routinely test those driving said commercial motor vehicle;

o.  Failure to inspect said commercial motor vehicle.

p.  Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

q.  Failing to routinely test those driving said commercial motor vehicle;

r.  Failure to routinely inspect said commercial motor vehicle.

s.  Failing to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

t.  Failing to exercise reasonable control over the commercial motor vehicle with respect to how the commercial motor vehicle was operated;

u.  Failing to reasonably, properly or adequately supervise their employees/ agents/ servants/ contractors/ permissive users;

v.  Failing to reasonably, properly or adequately monitor the safe driving abilities of their employees/ agents/ servants/ contractors/ permissive users;

w.  Having their employees/agents/servants/contractors/permissive users fail to be properly qualified as an operator of a commercial motor vehicle of the kind operated by defendant;

13

x.      Having their employees/agents/servants/contractors/permissive users fail to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

y.      Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said motor vehicle;

z.      Failing to act reasonably in hiring, training, retaining defendant, DARREN D. STOFER AND/OR JOHN DOE;

aa.     Failure to adopt and enforce policies, procedures, and rules to ensure that any driver(s) it hired were properly licensed, registered, equipped and qualified for the loads to which they were assigned;

bb.     Failing to properly equip said motor vehicle with assistive safety devices;

cc.     Failing to properly train employees/ agents/ servants/ contractors/ permissive users on the proper use of said commercial motor vehicle;

dd.     Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

ee.     Failing to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

ff.     Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

gg.     Failing to exercise reasonable control over the uninsured motor vehicle with respect to how the commercial motor vehicle was operated;

hh.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §383.111(c), which requires, among other things, commercial vehicle operators to maintain a reasonable speed and maintain a reasonable distance from other commercial vehicle operators;

ii.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §391.11, which prohibits a person from operating a commercial motor vehicle unless that person has the qualifications and experience necessary to safely operate the vehicle and meets the requirements contained in the Federal Motor Carrier Safety Regulations;

jj.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate CFR §391.41, which prohibits a person from operating a commercial motor vehicle if that person has a physical or mental disease, illness or condition that prevents them from being able to safely operate the vehicle;

kk.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §392.2, which requires the commercial motor vehicle to be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

ll.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §392.3, which prohibits a person from operating a commercial vehicle when their ability or alertness is impaired through fatigue, illness or any other cause;

14

mm. Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §395.5, which prohibits a person from operating a commercial motor vehicle in excess of the hours of service regulations set forth in this section;

nn. Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3361 - Driving Vehicle at Safe Speed;

oo. Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 33091.  Failure to drive in a single lane;

pp. Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3742 - Accidents Involving Death or Personal Injury;

qq. Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to use a hand-held mobile telephone while operating a commercial motor vehicle; and,

rr. Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances.

47.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, was vicariously responsible for the actions and/or inactions of defendant(s), DARREN D. STOFER AND/OR JOHN DOE, under the doctrine of *respondeat superior*.

48.     At all times material hereto, defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC AND/OR JOHN DOE, was vicariously responsible for the actions and/or inactions of defendant(s), DARREN D. STOFER AND/OR JOHN DOE, under the doctrine of *permissive use*.

49.     All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**COUNT III**

15

Case ID: 220902724

### PLAINTIFF, BROOKE MARROW V. DEFENDANT(S), XTRA LEASE LLC AND/OR JOHN DOE

50.     Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

51.     The wrongful, careless and negligent conduct of defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, *inter alia*, the following:

a.      Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to operate a commercial motor vehicle without first ascertaining whether or not he was capable of properly operating said commercial motor vehicle;

b.      Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to operate a commercial motor vehicle knew, or in the existence of due care and diligence should have known that defendant(s), DARREN D. STOFER AND/OR JOHN DOE, was capable of committing the acts of negligence set forth below;

c.      Failing to warn those persons, including, but not limited to plaintiff, that defendant(s), XTRA LEASE LLC AND/OR JOHN DOE, knew, or in the existence of due care and diligence should have known that plaintiff would be exposed to defendant(s), DARREN D. STOFER AND/OR JOHN DOE, wrongful, careless and negligent operation of the aforesaid commercial motor vehicle;

d.      Failing to entrust the operation of said commercial motor vehicle properly;

e.      Failing to entrust the operation of said commercial motor vehicle safely;

f.      Failing to entrust the operation of said commercial motor vehicle reasonably;

g.      Failing to properly maintain and service said commercial motor vehicle;

h.      Failing to routinely maintain and service said commercial motor vehicle;

i.      Failing to safely maintain and service said commercial motor vehicle;

j.      Failing to properly equip said commercial motor vehicle with assistive safety devices;

k.      Failing to implement reasonable safety manuals, internal safety training or other programs to verify that its drivers maintained adequate levels of competency and safe-driving awareness;

l.      Failing to properly train employees/agents/servants/contractors/permissive users on the proper use of said commercial motor vehicle;

16

m.      Failing to properly train their employees/ agents/ servants/ contractors/ permissive users on the safe use of said commercial motor vehicle;

n.      Failing to routinely test those driving said commercial motor vehicle;

o.      Failure to inspect said commercial motor vehicle.

p.      Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

q.      Failing to routinely test those driving said commercial motor vehicle;

r.      Failure to routinely inspect said commercial motor vehicle;

s.      Failing to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

t.      Failing to exercise reasonable control over the commercial motor vehicle with respect to how the commercial motor vehicle was operated;

u.      Failing to reasonably, properly or adequately supervise their employees/ agents/ servants/ contractors/ permissive users;

v.      Failing to reasonably, properly or adequately monitor the safe driving abilities of their employees/ agents/ servants/ contractors/ permissive users;

w.      Having their employees/agents/servants/contractors/permissive users fail to be properly qualified as an operator of a commercial motor vehicle of the kind operated by defendant;

x.      Having their employees/agents/servants/contractors/permissive users fail to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

y.      Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said motor vehicle;

z.      Failing to act reasonably in hiring, training, retaining defendant, DARREN D. STOFER AND/OR JOHN DOE;

aa.     Failure to adopt and enforce policies, procedures, and rules to ensure that any driver(s) it hired were properly licensed, registered, equipped and qualified for the loads to which they were assigned;

bb.     Failing to properly equip said motor vehicle with assistive safety devices;

cc.     Failing to properly train employees/ agents/ servants/ contractors/ permissive users on the proper use of said commercial motor vehicle;

dd.     Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

ee.     Failing to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

ff.     Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

gg.     Failing to exercise reasonable control over the uninsured motor vehicle with respect to how the commercial motor vehicle was operated;

Case ID: 220902724

hh.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §383.111(c), which requires, among other things, commercial vehicle operators to maintain a reasonable speed and maintain a reasonable distance from other commercial vehicle operators;

ii.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §391.11, which prohibits a person from operating a commercial motor vehicle unless that person has the qualifications and experience necessary to safely operate the vehicle and meets the requirements contained in the Federal Motor Carrier Safety Regulations;

jj.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate CFR §391.41, which prohibits a person from operating a commercial motor vehicle if that person has a physical or mental disease, illness or condition that prevents them from being able to safely operate the vehicle;

kk.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §392.2, which requires the commercial motor vehicle to be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

ll.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §392.3, which prohibits a person from operating a commercial vehicle when their ability or alertness is impaired through fatigue, illness or any other cause;

mm.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate 49 CFR §395.5, which prohibits a person from operating a commercial motor vehicle in excess of the hours of service regulations set forth in this section;

nn.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3361 - Driving Vehicle at Safe Speed;

oo.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 33091.  Failure to drive in a single lane;

pp.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3742 - Accidents Involving Death or Personal Injury;

qq.     Permitting defendant(s), DARREN D. STOFER AND/OR JOHN DOE, to use a hand-held mobile telephone while operating a commercial motor vehicle; and,

rr.     Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances.

52.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN

DOE, was vicariously responsible for the actions and/or inactions of defendant(s), DARREN D.

STOFER AND/OR JOHN DOE, under the doctrine of *respondeat superior*.

53.     At all times material hereto, defendant(s), XTRA LEASE LLC AND/OR JOHN

DOE, was vicariously responsible for the actions and/or inactions of defendant(s), DARREN D.

STOFER AND/OR JOHN DOE, under the doctrine of *permissive use*.

54.     All of the foregoing averments are incorporated in the following Counts as though

set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally,

in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT IV
## PLAINTIFF, BROOKE MARROW V. DEFENDANT, DARREN D. STOFER AND/OR JOHN DOE

55.     Plaintiff fully incorporates herein by reference all averments set forth above as if

fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

56.     The wrongful, careless, and negligent conduct of defendant(s), DARREN D.

STOFER AND/OR JOHN DOE, individually, and by and through his wrongful and careless,

negligent conduct as an agent, contractor, permissive user, servant, and/or employee of

defendant(s), ROADRUNNER EQUIPMENT LEASING, LLC; XTRA LEASE LLC AND/OR

JOHN DOE, jointly and/or severally consisted of, *inter alia*, the following:

a.     Causing a collision with plaintiff due to not stopping and/or yielding to traffic;

b.     Entering an intersection against a "Red Light" traffic control device without stopping the afore-said commercial motor vehicle;

c.     Entering an intersection without abiding by traffic control devices;

d.     Causing a "T-Bone" collision with plaintiff due to not stopping for a properly posted "Red Light" traffic control device before entering an intersection;

e.     Disregarding a "Red Light" traffic sign;

f.     Failing to stop to plaintiff's right of way;

19

g. Failing to stop said the aforesaid commercial motor vehicle prior to impact with plaintiff's motor vehicle;

h. Failing to stop said commercial motor vehicle for a "Red Light" traffic control devise;

i. Failing to maintain proper distance between other motor vehicles;

j. Failing to maintain safe distance between other motor vehicles;

k. Failing to have said subject commercial motor vehicle under adequate and proper control;

l. Disregarding the designated lanes of travel on the road;

m. Failing to stop to plaintiff's right of way;

n. Making an improper lane change;

o. Failing to stop said the aforesaid commercial motor vehicle prior to causing an impact with plaintiff's host motor vehicle;

p. Failing to stop said commercial motor vehicle prior to contacting another motor vehicle;

q. Failure to properly brake and steer said commercial motor vehicle;

r. Disregarding the designated lanes of travel on the road;

s. Disregarding applicable traffic controls and/or signals;

t. Operating said commercial motor vehicle without due regard to the traffic, use, width and purpose of the roadway;

u. Failing to use due caution in driving said commercial motor vehicle;

v. Failing to take due note of the point and position of the plaintiff's motor vehicle;

w. Operating a commercial motor vehicle in an "over-aggressive" manner;

x. Failing to appreciate traffic conditions;

y. Operating said commercial motor vehicle in an inattentive manner;

z. Failure to operate said commercial motor vehicle in a safe manner;

aa. Failing to prevent the commercial motor vehicle to come into contact with another motor vehicle;

bb. Operating said commercial motor vehicle at a high and excessive rate of speed under the circumstances;

cc. Failing to warn plaintiff;

dd. Failing to maintain a proper lookout;

ee. Failing to afford plaintiff proper and sufficient notice and warning of said commercial motor vehicle's position and path of travel;

ff. Failure to be properly qualified as an operator of a said commercial motor vehicle of the kind operated by defendant(s);

gg. Failure to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

hh. Making improper driving actions;

ii. Violation of the assured clear distance rule;

jj. Failure to depress the brakes to prevent the subject collision;

kk. Being inattentive to his duties of an operator of a commercial motor vehicle;

ll. Failing to be continually alert while operating the subject commercial motor vehicle;

mm. Failing to be continually alert while operating the subject motor vehicle;

20

nn.     Failing to perceive the highly apparent danger to others which his actions and/or inactions posed;

oo.     Following too closely;

pp.     Failing to maintain an assured clear distance from other motor vehicles on the roadway;

qq.     Failure to be properly qualified as an operator of a said commercial motor vehicle of the kind operated by defendant;

rr.     Driving at a speed that would make defendant unable to stop the aforesaid commercial motor vehicle for reasonable foreseeable traffic conditions;

ss.     Failing to properly steer or control the commercial motor vehicle in a manner, time, space and distance sufficient to avoid collision;

tt.     Operating said commercial motor vehicle under such circumstances so as to make a violent collision inevitable;

uu.     Losing control of the commercial motor vehicle;

vv.     Failure to properly maintain and service said commercial motor vehicle;

ww.    Striking another motor vehicle without warning;

xx.     Failing to abide by applicable rules, policies, regulations, statutes and/or code outlining the safe and proper use of a motor vehicle such as the one operated herein;

yy.     Operating the subject commercial motor vehicle despite medically being unable to safely operate the subject commercial motor vehicle;

zz.     Failing to perceive the highly apparent danger to others which his actions and/or inactions posed;

aaa.    Failing to exercise ordinary care in avoiding the subject collision;

bbb.    Violation of 49 CFR §383.111(c), which requires, among other things, commercial vehicle operators to maintain a reasonable speed and maintain a reasonable distance from other commercial vehicle operators;

ccc.    Violation of 49 CFR §391.11, which prohibits a person from operating a commercial motor vehicle unless that person has the qualifications and experience necessary to safely operate the vehicle and meets the requirements contained in the Federal Motor Carrier Safety Regulations;

ddd.    Violation of CFR §391.41, which prohibits a person from operating a commercial motor vehicle if that person has a physical or mental disease, illness or condition that prevents them from being able to safely operate the vehicle;

eee.    Violation of 49 CFR §392.2, which requires the commercial motor vehicle to be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

fff.    Violation of 49 CFR §392.3, which prohibits a person from operating a commercial vehicle when their ability or alertness is impaired through fatigue, illness or any other cause;

ggg.    Violation of 49 CFR §395.5, which prohibits a person from operating a commercial motor vehicle in excess of the hours of service regulations set forth in this section;

Case ID: 220902724

hhh.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3361 - Driving Vehicle at Safe Speed;

iii.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3324.  Vehicle entering or crossing roadway;

jjj.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3714 - Careless Driving;

kkk.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3736 - Reckless Driving;

lll.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3332 - Limitations on Turning Around;

mmm.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3362 - Maximum Speed Limits;

nnn.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3742 - Accidents Involving Death or Personal Injury;

ooo.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3744 - Duty to Give Information and Render Aid;

ppp.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3321 - Vehicle approaching or entering intersection;

qqq.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3111 - Obedience to traffic control devices;

rrr.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3112 - Traffic Control Signals; and,

sss.    Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a commercial motor vehicle under the circumstances.

57.    All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendant(s), jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

<u>**COUNT V**</u>
<u>**PLAINTIFF, BROOKE MARROW VS. DEFENDANT(S), JOHN DOE**</u>

22

58.     Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

59.     Plaintiff prey leave of Court to seasonably amend this Complaint and name the true identities of the JOHN DOE if and when their true identities and roles in the within matter are ascertained by plaintiff.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**WAPNER NEWMAN**

BY:     _/s/ Simon T. Haileab_
      **ADAM S. GETSON, ESQUIRE**
      **SIMON T. HAILEAB, ESQUIRE**
      _Attorneys for Plaintiff_

DocuSign Envelope ID: 44A25E8D-4DB7-41A0-8496-AB59946E5488

## VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification.  Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.